# A. W. MORSE *vs.* E. CHILD and E. CARLTON.

UNDER the statute of November 5th, 1813, it was *holden* essential, to pass title by levy on real estate, that the execution and levy should be recorded in the registry of deeds, and be returned to the office of the clerk of the court.

If the proceedings of the levy cannot be completed so that record can be made prior to the return day of the execution, it should be done as soon after as may be practicable, and at least prior to the next term of court, otherwise no title passes by the levy.

THIS was a writ of entry, brought to recover a tract of land in Bath, in the county of Grafton.

The cause was tried upon the general issue, at May term, 1835.

It appeared in evidence, that L. Pulsifer and H. Wells, being seized of the demanded premises, on the 23d of September, 1812, by deed conveyed the same to Joseph Fifield in fee. This deed was recorded January 18, 1814.

On the 18th of August, 1826, Fifield by deed conveyed the same premises to the demandant.

On the 22d July, 1821, by deed acknowledged September 12, 1826, and recorded September 19, in the same year, L. Pulsifer conveyed the same premises to the demandant.

The tenants, to rebut this title, showed a judgment in

their own favor against Moody Moore, rendered by the court of common pleas in the county of Grafton, at February term, 1816, for $50 damage, and $14.34 costs, and an execution, issuing upon the judgment, extended upon the demanded premises on the 5th of April, 1816. The extent was upon two undivided third parts of the premises. The tenants also shew that they soon after entered, and had been ever since in possession. But their extent was never recorded in the registry of deeds, or the execution returned until May, 1835. And Joseph Fifield, the demandant's grantor, was one of the appraisers.

Fifield testified that about a year after he took his deed from Pulsifer and Wells, and entered into possession of the land, he was informed that the land had been previously sold for taxes; that Everett Kimball claimed it, and took possession and sold it to Moody Moore, who entered; and that when he acted as appraiser upon the execution he claimed no interest in the land.

He further testified, that after he ascertained that the land had been sold for taxes, he commenced a suit against Pulsifer, to recover back what he had paid for the land, and Pulsifer refunded the money; and he thought he relinquished his right and title, but in what manner he did not recollect.

A verdict was taken, by consent, for the demandant, subject to the opinion of the court upon the above case.

*Smith*, for the tenants, contended that the exception taken on a former trial, that the return and record of the tenants' levy had not been made, was now obviated—the execution, with the levy, having been recorded and returned to the clerk's office since the former trial.

The provision of the statute is, that the execution is to be recorded before return, but no time is specified when the execution is to be returned to the clerk's files. The title must be considered as perfected when levy is made. 15 *Mass.* 137, *McLellan* vs. *Whitney*; 3 *Pick.* 331, *Prescott*

vs. *Pattee & al.*; 5 *Green.* 197, *Emerson* vs. *Towle*; 2 *Green.* 237, *Gorham* vs. *Blazo.* The record and return are merely required in order that it may be a means of evidence of the levy, the title having previously vested. This view of the case does not conflict with the decision in *Ladd* vs. *Blunt*, 4 *Mass.* 402.

*Bell*, for the demandant, cited 1 *N. H. Rep.* 371, *Sullivan* vs. *McKean*; 4 *Mass.* 402, *Ladd* vs. *Blunt*; 6 *N. H. R.* 521, *Morse* vs. *Child.*

UPHAM, J. This case is in addition to a former case decided by this court betwixt these parties. The principal question in the former case was, as to the rejection of testimony by which it was attempted to prove that the demandant's *grantor* had no title in the demanded premises, for the reason that he had agreed to cancel the deed by which he held the land, and had received a consideration for cancelling the same, prior to his conveyance to the demandant, and that the demandant, therefore, had no title. This evidence was overruled at the trial, and the ruling of the court was subsequently sustained, on the ground that a mere agreement to cancel a deed, without actually cancelling it, could not have the effect of a reconveyance. 6 *N. H. R.* 521, *Morse* vs. *Child*; 4 *N. H. R.* 191, *Farrar* vs. *Farrar.*

But the tenant in the former suit did not rest merely on the alleged defect in the title of the demandant, but undertook to show a paramount title in himself under a levy on execution against Moody Moore, who claimed to hold the premises by virtue of a sale of the same for taxes. The tenant's title by levy, however, was defective, as no evidence was offered *of a return of the execution* to the clerk's office, which was holden to be essential; and the ground also, taken on the same trial, that the demandant was estopped *to deny the levy* of the execution, for the reason that his

grantor acted as an appraiser, was overruled—the levy having entirely failed from want of such return.

The only circumstance in favor of the tenants that is now added to the case is, that the extent under which the tenants claim the land has, since the former trial, *been recorded in the registry of deeds, and returned to the clerk's office.*

If, notwithstanding this, the land cannot now be holden to have passed by that extent, the case is not altered, and the demandant must again have judgment.

It becomes, therefore, necessary to determine what constitutes a levy on land, within the meaning of the statute.

The statute of February 15, 1791, enacted that all executions duly extended upon land, and returned into the clerk's office out of which the same issued and there recorded, should make a good title. *N. H. Laws (ed. of* 1815) 181.

But the statute of November 5th, 1813, (*ed. of* 1815) 195, enacted that no levy should be good and effectual in law to hold, or pass the debtor's right, against any person or persons, unless the execution be *recorded in the registry of deeds* before being returned ; and in *Sullivan* vs. *McKean,* 1 *N. H. R.* 371, it was decided that nothing passed by an extent until *recorded in the registry.*

By the statute of July 4, 1829, the law is changed, and an execution *not recorded* is good against the debtor and his heirs. The law is silent as to a return of the execution to the clerks' files. 1 *N. H. Laws* 101. Under this statute the effect upon this case might have been essentially different from the statute then in force.

Whether, as the law stood when this extent was made, it was necessary to have the execution recorded by *the return day* is not necessary to be settled in this case. If it would not be necessary to record it then, which might not in all cases be practicable, we have no hesitation in holding that it would be necessary to record the execution as soon as the extent could be completed, or at least, prior to the next succeeding term ; and if not thus recorded, the debtor would

have a right to consider the extent *abandoned*. The debtor <span style="float:right">Morse<br>*vs.*<br>Child et al.</span> would otherwise have no means of knowledge, within any reasonable time, whether the levy was insisted upon or not. He can know nothing of any act done except what he finds upon the record.

But the tenants endeavor to avoid this construction of the requisitions of the statute, by contending that the subsequent proceedings of record and return are not essential to a title by levy, except as providing a mode of proof which when available will cause their levy to take effect from the extent by the officer, and that the record and return merely enable them to give the ordinary mode of proof of a title fully complete as such prior to that time. The Massachusetts authorities furnish some ground for this position; but their statute and course of legislation on this subject differ from ours.

We know of no principle on which such construction can be given to our statute. Conveyance by levy is compulsory upon the debtor; and the full forms prescribed by the statute come in place of any action on his part, and are essential to divest the debtor of his title. Reasoning founded on analogy to other modes of voluntary conveyance, on which alone this doctrine can be sustained, is inapplicable to this manner of effecting title.

If, in this case, Moody Moore were the demandant, the extent not having been seasonably recorded and returned, it could not prevail against him. The record and return are a part of the requisites of the statute conveyance, and not being duly made the judgment creditor takes no title. The defence, therefore, by these tenants is still insufficient, and the verdict must be sustained by

*Judgment for demandant.*